Parker, C. J.,
delivered the opinion of the Court.
■ It is argued that the bond in this case is not conformable to the statute, because the penalty is in double the sum in which the principal was ordered to be attached. The statute requires the bond to be taken in double the sum for which the debtor is imprisoned (1); and it is contended that he is imprisoned only for the amount of the debt, or, at most, of the ad damnum, as laid in the writ
*142 This is the first action, which has been before us, on a bond given by a debtor imprisoned only on mesne process; and f * 176 ] upon examining the questions arising on it, * we cannot but think that more inconveniences appear to result from the provision than were foreseen by the legislature. When a debtor is imprisoned on mesne process, he may be liberated on giving bail; and if excessive bail should be required, a remedy is open upon habeas corpus; so that there would seem not to be the same reason for providing for this indulgence to the debtor, as there is for one who is in prison upon execution, and cannot be bailed.
There is great difficulty also in executing the provision of the statute, in a case of this sort, which does not exist in the case of a debtor on execution. In the latter case, the sum for which the party is imprisoned, is fixed by the execution itself, and the penalty may be regulated by that. But in the case of mesne process, there is nothing certain. The plaintiff directs the sum for which the debtor shall be arrested, and lays his damages ad libitum. A bond in double the amount of either of those sums may be ten times greater than the sum finally recovered, and yet the whole penalty may be exacted, if an escape take place.
If, to avoid this difficulty, the debt demanded is looked to as the measure of the penalty, that also may be out of all proportion to the sum actually due ; indeed, nothing may be finally recovered; and yet, in case an escape has happened, the plaintiff would be entitled to the whole penalty of the bond.
But this is not the worst aspect of the case; for, by our law, a man may arrest another and commit him to prison, in an action for slander,- assault and battery, or other tort, claiming what damages he pleases, and himself appointing the sum in which the defendant shall be held to bail. It is true the sum, in which bail is required, may be reasonably reduced on habeas corpus; but the party arrested cannot be discharged, but must give bail or go to prison. If he should not be able to procure bail, but should be able to [ * 177 ] prevail upon any, from compassion, to be * his sureties for the liberty of the yard, the sum cannot be reduced, and his sureties may be exposed to great mischief.
We cannot but believe that, if these evils were properly presented to the legislature, our laws authorizing personal arrests would be revised. In England, arrests are allowed in civil actions only for debt, and the debt must be sworn to by the creditor. It is the same in New York, and in other of our sister states. Probably we stand alone in authorizing, by law, the incarceration of citizens or strangers, upon the mere allegation of damages by an individual, who is under eveiy temptation, from avarice or malice, to abuse so dangerous a power
*143 As the law is, however, it must be administered; although it is not an unimportant duty of a court to point out inconveniences in existing provisions, that the community or the legislature may judge of them, and amend or annul them, as their wisdom shall advise.
The statute which provides for the relief of persons in prison for debt, expressly embraces the case of imprisonment upon mesne process; and the statute of 1811, c. 167, which is an addition to the former one, recognizes debtors imprisoned on mesne process as well as those upon execution. The statute of 1810, c. 116, in providing for an involuntary escape, seems to have overlooked the case of imprisonment on mesne process, leaving the double penalty to be recovered in that case, and only the debt and costs in the case of imprisonment upon execution.
By what rule, then, shall the penalty of the bond be ascertained and fixed? We have seen that the debt or demand is uncertain, and also the ad damnum. So also is the sum in which the officer is directed to attach. The statute says that the bond shall be in double the amount for which the party is imprisoned. For what sum is a debtor imprisoned, unless for the same, for the want of security to the value of which the officer commits him according to his precept? He is commanded to attach * property to a [ * 178 ] certain amount, and for want thereof to take the body of the debtor. If bail is offered, it must be for that sum '; and if bail is not given, the debtor is committed. It is for this sum, then, that he is imprisoned ; and for this sum he must find sureties, if he would have the liberty of the yard. The bond, then, upon which the present suit is brought, is a statute bond; and the consequences of an escape, as settled by the statute, must attach ; for it is not a case over which we have any control in chancery. Judgment, therefore, must be at law for the penalty and costs; unless the plaintiffs consent, as it is suggested they have heretofore offered, to take their actual debt and costs.
It is hoped that, seeing the necessary application of the statute, gentlemen will use their influence to have it revised and modified.

 Stat. 1784, c. 41, § 9.